**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JOSE MORA, | § | |
| JOSE CRUZ MESA, and all | § | |
| others similarly situated under | § | |
| 29 U.S.C. 216 (B), | § | |
| | § | No. 3:13-cv-3447-M |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| CALIFORNIA CONSTRUCTION, L.L.C., | § | |
| KRISTIN M. BOUNDS, | § | |
| and Robert E. Bounds, | § | |
| | § | |
| Defendants. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court is Defendant California Construction's Motion for Leave to File Third

Party Complaint [Docket # 30]. For the reasons stated below, the Motion is **DENIED**.

*Background*

Plaintiffs Jose Mora and Jose Cruz Mesa filed their Original Complaint against their

former employer, California Construction, in August of 2013 seeking payment for overtime

wages under the Fair Labor Standards Act. Almost a year later, California Construction filed the

present Motion for Leave to File a Third Party Complaint against its former employee, Jesus

Maldonado ("Maldonado"), who worked as a job foreman. Maldonado's responsibilities

included tracking time sheets for independent contractors like Plaintiffs and submitting them to

California Construction for payment. California Construction's proposed third party complaint

asserts multiple legal claims against Maldonado, alleging that Maldonado perpetrated a scheme

to defraud California Construction by submitting false overtime sheets on behalf of independent

contractors in order to receive kickbacks from the overpayment. The proposed third party

complaint alleges that Plaintiffs Mora and Mesa were a part of the scheme, but that numerous

other California Construction employees also participated.

Plaintiffs oppose the Motion, arguing that the proposed third party complaint is an

attempt to bring an indemnification action that is improper under the FLSA. They also argue that

the Court lacks subject matter jurisdiction over the third party claims since they arise out of state

law, and that it would be improper for this Court to exercise supplemental jurisdiction.

### *Legal Standard*

Rule 14(a)(1) provides that a defending party, "may, as a third-party plaintiff, serve a

summons and complaint on a nonparty who is or may be liable to it for all or part of the claim

against it." Fed. R. Civ. P. 14(a)(1). The purpose of the Rule is "to bring in third parties who are

*derivatively* liable to the impleading party." *NuVasive, Inc. v. Renaissance Surgical Ctr. N., L.P.*,

853 F. Supp. 2d 654, 659-60 (S.D. Tex. 2012) (emphasis in original) (quoting *Hassan v. La.*

*Dep't of Transp.*, 1999 WL 642861, at *2 (5th Cir. July 26, 1999)). Recognizing this, courts have

stated that is not enough that the third party complaint arises out of the same set of facts as the

original complaint. *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967)

("an entirely separate and independent claim cannot be maintained against a third party under

Rule 14, even though it does arise out of the same general set of facts as the main claim"); 6

Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1446 (3d ed. 2010).

Because California Construction sought to file its third party complaint more than

fourteen days after serving its answer, this Court has "wide discretion" under Rule 14(a)(1) in

deciding whether to grant or deny the Motion. *McDonalds v. Union Carbide Corp.*, 734 F.2d

182, 184 (5th Cir. 1984) (per curiam); Fed. R. Civ. P. 14(a)(1). Courts have considered various

factors in deciding whether to permit filing of a third party complaint, including possible prejudice to the parties, undue delay by the third party plaintiff, and whether allowing the third party complaint would further the goals of Rule 14 by eliminating duplicative suits and promoting judicial economy. *Duke v. Compass Bank*, 2014 WL 879674, at *1 (N.D. Tex. Mar. 5, 2014) (citing 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1443 (3d ed. 2010)). Courts have also considered the proposed complaint itself and whether the claims within it have any merit. *Kopan v. George Washington Univ.*, 67 F.R.D. 36, 38 (D.D.C. 1975) (denying leave to file a third party complaint and noting that "the third party complaint appears to lack merit" and that the charges against the third party defendant "do not appear to be very substantial"); *Briones v. Smith Dairy Queens, Ltd.*, 2008 WL 4200931, at *2 (S.D. Tex. Sept. 9, 2008) (one factor the Court considers is any "lack of substance to the third-party claim").

In addition to assuring that the procedural requirements under Rule 14 are satisfied, the court must have subject matter jurisdiction over all claims in a third party complaint—the Rule itself does not convey jurisdiction. *Gen. Dynamics Corp. v. Adams,* 340 F.2d 271, 279 (5th Cir. 1965) ("[W]hile the right to proceed in a third party action is established by Federal rule, such right depends upon the existence of a state created liability."); 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1447 (3d ed. 2010) ("By the same token, allowing impleader does not create any substantive right in plaintiff that does not otherwise exist or eliminate any disability that may impair plaintiff's right to sue.").

### *Application*

The Court denies California Construction leave to file its third party complaint for several reasons. It is important to emphasize at the outset that the FLSA is what gives this Court jurisdiction over Plaintiffs' Original Complaint. Courts have generally resisted attempts to

expand FLSA lawsuits beyond the narrow focus of FLSA claims. *See Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 741 (5th Cir. 2010). The Fifth Circuit has stated that "[t]he only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter [FLSA] proceedings with the minutiae of other employer-employee relationships would be antithetical to the purposes of the Act." *Id.* at 741 (quoting *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974)). The FLSA does not give a defendant-employer the right to seek indemnification from an employee. *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1264 ("No cause of action for indemnity by an employer against its employees who violate the Act appears in the statute, nor in forty years of its existence has the Act been construed to incorporate such a theory.") Courts have also declined to allow defendant-employers to file counterclaims against plaintiff employees. *Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983).

To grant California Construction leave to implead a third party and allege a variety of state law claims that far exceed the scope of Plaintiffs' original FLSA claims would conflict with the narrow focus of the FLSA. Plaintiffs' Original Complaint narrowly alleges that Plaintiffs are entitled to wages for actual overtime work, which they were not paid in violation of the FLSA. The proposed third party complaint lists at least eight claims under state law arising out of Maldonado's alleged scheme to defraud California Construction. The alleged scheme involves an unknown number of potential participants and much larger total sums of money. Exercising the discretion afforded by Rule 14, this Court chooses not to insert these additional claims into this lawsuit. *See Martin*, 628 F.3d at 741 ("the only function of the federal judiciary under the FLSA 'is to assure to the employees of a covered company a minimum level of wages,' [and]

'[a]rguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the Act.'" (citations omitted)).

Accordingly, the Court **DENIES** Defendant California Construction's Motion for Leave to File a Third Party Complaint.

**SO ORDERED.**

November 21, 2014.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**